**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTONIO LOPEZ-GARCIA,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 08-73915

Agency No. A097-911-472

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD and M. SMITH, Circuit Judges.

Antonio Lopez-Garcia, a native and citizen of Guatemala, petitions for

review of a Board of Immigration Appeals order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

HL/Inventory

removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and deny the petition for review.

The record does not compel reversal of the IJ's conclusion that petitioner failed to establish that the harm he suffered at the hands of gang members in Guatemala was on account of a protected ground. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 858-62 (9th Cir. 2009) (concluding that resistance to gang activity is not a particular social group for the purpose of establishing nexus to a protected ground); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, petitioner's asylum, withholding of removal, and CAT claims fail.

Contrary to petitioner's allegation, the BIA did not issue a streamlined decision, and the BIA's decision did not constitute a due process violation. *See Falcon-Cariche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

HL/Inventory